Nov. Term,<br>1832.<br><br>ROUSAN<br>v.<br>MOFFETT.

---

### ROUSAN v. MOFFETT and Others.

A defendant, appealing from the judgment of a justice of the peace on an award, cannot have the cause tried by a jury in the Circuit Court, unless the award be first set aside for fraud, corruption, or other undue means.

ERROR to the *Union* Circuit Court.

Saturday,<br>December 1.

STEVENS, J.—Appeal to the Circuit Court from the judgment of a justice of the peace, founded on an award of arbitrators.

It appears of record, by an agreement, that a written covenant was made between the defendants of the one part, and the plaintiff of the other part, that the defendants should cut, score, and hew, a set of barn logs for the plaintiff, and that the plaintiff should pay them a certain price for the same. The plaintiff brought suit on the written covenant, for 50 dollars, against the defendants, before a justice of the peace; but before the trial was had, the parties came before the justice and agreed to arbitrate the matter in controversy, by a submission to three disinterested persons, by them mutually chosen, under the provisions of the 15th and 16th sections of the act regulating the jurisdiction of justices of the peace, approved the 30th day of *January*, 1824; and the arbitrators, among other things, rendered a final award in favour of the plaintiff, for one cent in damages, &c., and the justice entered judgment accordingly.

Afterwards, *Moffett*, one of the defendants, appealed to the Circuit Court, and the case was heard by a jury, and a verdict rendered in favour of the defendants, for 9 dollars and 62½ cents. On the bringing in of the verdict, the plaintiff moved the Court in arrest of judgment on the verdict, and, also, to render judgment on the award of the arbitrators, inasmuch as there was no evidence shown to the Court, that the award was obtained by fraud, corruption, or other undue means; which motion was overruled, and judgment rendered on the verdict

of the jury. It further appears of record, that the defendants filed no written defence, nor did the plaintiff file any thing except the written covenant above stated.

The first question is, did the Court err in overruling the motion in arrest of judgment, on the verdict of the jury, for the sum of 9 dollars and 62½ cents damages, &c. We think no question or issue can legally arise or be heard before the Court, until it is determined whether the award was obtained by "fraud, corruption, or other undue means," as required by statute; and that is a matter for the Court to determine, and not a jury. No waiver of the award can be presumed, unless something appeared of record, authorising that presumption. The jury were improperly impanelled, and judgment on their verdict ought to have been arrested (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*O. H. Smith*, for the plaintiff.
*J. Rariden*, for the defendants.

(1) See Rev. Code, 1831, pp. 304, 305. As to the grounds of setting aside an award returned in the first instance to the Circuit Court, see *Hamilton* v. *Wort.* ante, p. 68.